IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Corning Incorporated**<br><br>**Plaintiffs (Complainant)**<br><br>v.<br><br>**Caihong Display Devices Co., Ltd.**<br>**Xianyang CaiHong Optoelectronics**<br>**Technology Co., Ltd.**<br><br>**Defendants (Respondents)** | Civil Action No. Misc. 25-mc-70 |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**(LETTER ROGATORY)**

The United States District Court for the District of Columbia presents its compliments to the Appropriate Judicial Authority in Japan, and respectfully requests international judicial assistance to obtain evidence to be used in an administrative proceeding before the United States International Trade Commission in Investigation No. 337-TA-1433, *Certain Glass Substrates for Liquid Crystal Displays, Products Containing the Same, and Methods for Manufacturing the Same*. The hearing in this matter is scheduled for December 8–12, 2025 in Washington, D.C., United States. This Court has authority to submit this Letter Rogatory under 28 U.S.C. §§ 1651 and 1781(b)(2).

This Court requests the assistance described herein as necessary in the interests of justice. Specifically, this Court requests the international judicial assistance of the Appropriate Judicial Authority of Japan, by the proper and usual process of Japan's courts, to compel the below-named third party to produce documents requested in **Attachment A** and to be examined under oath through the person(s) most knowledgeable about the topics in **Attachment B**:

1

AGC Inc.
1-5-1, Marunouchi
Chiyoda-ku
Tokyo 100-8405
Japan

Based on the representations made by Respondents Caihong Display Devices Co., Ltd. ("Caihong Display") and Xianyang CaiHong Optoelectronics Technology Co., Ltd. ("CHOT") (collectively, "Respondents" or "Defendants/Respondents"), this Court believes that justice cannot be served between the parties unless the evidence requested herein is made available by the Appropriate Judicial Authority of Japan for use in an investigation being conducted by the U.S. International Trade Commission into whether Respondents unlawfully import into the United States, sell for importation into the United States, and sell within the United States after importation certain glass substrates for liquid crystal displays, products containing the same, and methods for manufacturing the same. This Court believes that AGC Inc. is in possession of unique documents and things and has unique knowledge regarding material facts that are highly relevant for the proper prosecution of the above-referenced administrative proceeding. This information is necessary and cannot be obtained without the assistance of the Appropriate Judicial Authority of Japan.

In light of the foregoing, this Court respectfully requests that the Appropriate Judicial Authority of Japan give this matter urgent attention in order that the evidence requested herein may be obtained before the period for fact discovery concludes in this investigation on August 8, 2025, and is available for use at the hearing.

I.   **FACTS**

The name of the proceeding for which the discovery is requested is *In the Matter of Certain Glass Substrates for Liquid Crystal Displays, Products Containing the Same, and Methods for*

*Manufacturing the Same*, Investigation No. 337-TA-1433 ("the Investigation"). The Plaintiff is the Complainant in the Investigation:

> Corning Incorporated
> One Riverfront Plaza
> Corning, NY 14831
> (607) 974-9000

The Complainant is represented by:

> John Thorne
> Evan T. Leo
> Gregory G. Rapawy
> Joseph S. Hall
> Thomas W. Traxler
> Jacob E. Hartman
> Ana N. Paul
> Bethan R. Jones
> Matthew J. Wilkins
> Hannah D.C. DePalo
> Eric J. Maier
> D. Chanslor Gallenstein
> Ashle J. Holman
> Nataliia Gillespie
> Daren G. Zhang
> Rachel T. Anderson
> Shunhe Wang
> Jahvonta A. Mason
> KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
> 1615 M Street NW
> Suite 400
> Washington, DC 20036
> Telephone: (202) 326-7900
> Email: CORNINGITC@lists.kellogghansen.com

> Christine E. Lehman
> REICHMAN JORGENSEN LEHMAN &
> FELDBERG LLP
> 1909 K Street, NW
> Suite 800
> Washington, DC 20036
> Telephone: (202) 894-7310

       Jeffrey H. Lerner
       Sturgis M. Sobin
       Ashley Joyner Chavous
       Brian G. Bieluch
       Maureen F. Browne
       Daniel W. Cho
       Jessica C. Hill
       Megan P. Keane
       Tobias Y.H. Ma
       Ranganath Sudarshan
       Ashley M. Winkler
       COVINGTON & BURLING LLP
       One CityCenter
       850 Tenth Street, NW
       Washington, DC 20001
       Telephone: (202) 662-6000

       (Counsel for Corning Incorporated)

The Defendants are Respondents in the Investigation:

       Caihong Display Devices Co., Ltd.
       Area A, China-Korea Industrial Park
       Qindu District, Xianyang City
       Shaanxi Province, 712023, China
       +86 029-33132653

       Xianyang CaiHong Optoelectronics Technology Co., Ltd.
       No. 1, Gaoke Yilu
       Qindu District, Xianyang City
       Shaanxi Province, 71200, China
       +86 029-33132878

Other Respondents to this Investigation are:

       HKC Corporation Ltd.
       HKC Industrial Park
       1 Gongye 2nd Road
       Shilong Community, Shiyan Street
       Baoan District, Shenzhen City
       Guangdong Province, 518108, China
       +86 0755-36905666

        HKC Overseas Ltd.
        Unit 8 28/F W50
        50 Wong Chuk Hang Road
        Hong Kong 999077
        +852 2564-2862

        Hisense USA Corporation
        7310 McGinnis Ferry Road
        Suwanee, GA 30024
        (888) 935-8880

        Vizio, Inc.
        39 Tesla
        Irvine, CA 92628
        (949) 428-2525

        LG Electronics USA, Inc.
        111 Sylvan Avenue
        Englewood Cliffs, NJ 07632
        (800) 243-0000

        TCL China Star Optoelectronics Technology Co., Ltd.
        9-2 Tangming Avenue
        Guangming New District, Shenzhen City
        Guangdong Province, 518132, China
        +86 0755-86908888

        TTE Technology, Inc.
        189 Technology Drive
        Irvine, CA 92618
        (877) 300-9509

The Respondents are represented by:

        Paul F. Brinkman, P.C.
        Karthik Ravishankar
        Alexandra Obiol
        KIRKLAND & ELLIS LLP
        1301 Pennsylvania Avenue, N.W.
        Washington, D.C. 20004
        Telephone: (202) 389-5000
        Facsimile: (202) 389-5200
        Caihong-1433-ITC@kirkland.com

Russell E. Levine, P.C.
Christian E. Huehns
Tiffany Hu
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Nichole DeJulio
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

David A. Levin
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

Fan Chen
Yi Zhang
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Tiffany M. Knapp
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 385-7500
Facsimile: (617) 385-7501

Yun Zhang
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Stephen Smith
Samuel Whitt
Rachel Preston
Cole Merritt
COOLEY LLP
1299 Pennsylvania Ave., N.W., Suite 700
Washington, D.C. 20004
Caihong_Cooley_ITC@cooley.com

Adam Gershenson
COOLEY LLP
500 Boylston Street, 14th Floor
Boston, MA 02116

Matthew Brigham
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304

(Counsel for Respondents Caihong Display Devices Co., Ltd. and Xianyang CaiHong Optoelectronics Technology Co., Ltd.)

Deanna Tanner Okun
Daniel F. Smith
Lauren E. Peterson
Sean M. Wesp
Polsinelli P.C.
1401 Eye Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 626-8320
Email: hkc-1433-itc@polsinelli.com

Hao Tan
Shen Wang
Pete Curtin
Yu Di
Yue (Alyssa) Yang
Jacob Skebba
Arch & Lake LLP
203 N. La Salle Street #2100
Chicago, IL 60601
Email: hkc-337-ta-1441@archlakelaw.com

(Counsel for HKC Corporation Ltd. and HKC Overseas Ltd.)

Paul C. Goulet
Steven M. Anzalone
Steven E. Adkins
Jeffrey Q. Li
FISHERBROYLES, LLP
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 669-9630
(301) 968-0800, (202) 669-9630
(703) 618-25031

Adam K. Whiting
FISHERBROYLES, LLP
228 Hamilton Avenue, Third Floor
Palo Alto, CA 94301
Telephone: (650) 275-4869

Kevin D. Jablonski
FISHERBROYLES, LLP
701 Fifth Avenue, Suite 4200
Seattle, WA 98104
Telephone: (206) 235-8125

Scott Nielson
FISHERBROYLES, LLP
222 South Main Street, 5th Floor
Salt Lake City, UT 84101
Telephone: (801) 660-4400

(Counsel for Respondent Hisense USA Corporation)

Lisa M. Kattan
Thomas C. Martin
Christopher Hong
Michael Kachmarik
BAKER BOTTS L.L.P.
700 K Street, NW
Washington, DC 20001

Kurt Pankratz
Jean Choi
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201

Eric J. Faragi
Zhengmao "Frank" Zhu
Boyang Zhang
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10012
Telephone: 202.639.7701
Email: dlbakerbotts1433inv@bakerbotts.com

(Counsel for Respondents Vizio, Inc. and LG Electronics USA, Inc.)

Donald R. McPhail
Eric W. Schweibenz
John S. Kern
Alexander B. Englehart
John F. Presper
MERCHANT & GOULD P.C.
1900 Duke Street, Suite 600
Alexandria, Virginia 22314
Telephone: (703) 684-2500
Fax: (612) 332-9081

Paige S. Stradley
MERCHANT & GOULD P.C.
1801 California St., Unit 3300
Denver, CO 80202
Telephone: (303) 357-1670
Fax: (612) 332-9081
E-Mail: MG-ITC1433@merchantgould.com

(Counsel for Respondents TCL China Star Optoelectronics Technology Co., Ltd. and TTE Technology, Inc.)

Other parties to the Investigation include:

R. Whitney Winston
Thomas L. Halkowski
Investigative Attorneys, Office of Unfair Import Investigations
U.S. International Trade Commission
500 E Street SW, Suite 401
Washington, DC 20436
Telephone: (202) 205-2221
Email: Whitney.Winston@usitc.gov
Email: Thomas.Halkowski@usitc.gov

The Investigation is an administrative proceeding conducted by the United States International Trade Commission ("the ITC") under Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("Section 337"), based on a Complaint filed by Corning Incorporated ("Complainant" or "Corning") on December 18, 2024 (**Attachment C1**), and a supplement to the Complaint filed on January 7, 2025 (**Attachment C2**). Section 337 prohibits importing goods into the United States for which unfair methods of competition or unfair acts have been used. The ITC instituted the Investigation based on Corning Incorporated's Complaint on January 17, 2025, with publication of the Notice of Investigation in the Federal Register. Upon institution, the Investigation was assigned to Administrative Law Judge Monica Bhattacharyya to preside over prehearing matters, conduct an evidentiary hearing, and issue an initial determination on the merits. The initial determination is subject to possible review by the ITC, with a right to appeal to the United States Court of Appeals for the Federal Circuit.

The Complaint alleges trade secret misappropriation and patent infringement of U.S. Patent Nos. 8,627,684 ("the '684 patent") and 9,512,025 ("the '025 patent") (collectively, "Asserted Patents"). The Complaint also alleges patent infringement of U.S. Patent No. 7,851,394 ("the '394 patent"), but the ITC has since issued an Initial Determination terminating the Investigations with respect to all asserted claims of the '394 patent. The Complaint further alleges that the respondents to the Investigation manufacture, sell for importation, import, and/or sell after importation articles containing accused products, which include certain glass substrates for liquid crystal displays and products containing the same. The relief sought by Corning Incorporated is an exclusion order barring importation of the accused products into the U.S.

Respondents allege that there is no trade secret misappropriation and that the Asserted Patents are (a) not infringed; and (b) invalid and/or unenforceable under at least 35 U.S.C. §§ 102,

103, and/or 112. Respondents assert other defenses as well, including without limitation, that Corning's claims and/or requested relief are barred by the doctrines of patent misuse, patent tying, and/or unclean hands. Among the subject areas to be explored during discovery in this case are Complainant's attempts to suppress and intimidate competition through intellectual property litigation, and otherwise unreasonable and anticompetitive negotiations, agreements, conditions, and/or restrictions, as well as documents and information related to prior art.

Respondents seek foreign discovery from AGC Inc. because Respondents believe that AGC Inc. is in possession of information relevant to this Investigation. AGC Inc. is an LCD glass substrate manufacturer. AGC Inc. uses a float glass process to manufacture glass, whereas Corning uses a fusion draw process. Corning has previously initiated litigation against AGC Inc. for intellectual property related to strengthened cover glass technology. Respondents believe that AGC Inc. was and/or is subject to Corning's attempts to suppress and intimidate competition by litigation, and thus, anticompetitive activities. Information of Corning's anticompetitive activities, including information relating to litigation by Corning and agreements, proposals, or negotiations between Corning and AGC, as well as information of AGC's LCD glass market share and sales are directly relevant to Respondents' patent misuse, patent tying, and unclean hands defenses. Moreover, as stated on its website, AGC Inc. began producing float glass in 1966 and glass substrates for TFT-LCDs in 1995. AGC Inc.'s history with glass manufacturing suggests that it likely possesses information related to prior art, which is relevant to Respondents' patent invalidity defense. Additionally, information relating to Corning's manufacturing process is directly relevant to the trade secret allegations and Respondents' defenses thereof. AGC Inc. may therefore possess relevant information and documents with respect to at least Respondents' patent misuse, patent tying, unclean hands, and patent invalidity defenses.

Further, Respondents believe that the requested information, or its substantial equivalent could not be obtained without undue hardship by alternative means because the documents and knowledgeable witnesses are in Japan, which is beyond the ITC's subpoena powers. Respondents are also requesting identical information from AGC America, Inc. ("AGC America") through a subpoena application. Nevertheless, because of the uncertainty of whether AGC America possesses and will produce all of the requested information, Respondents request a Letter Rogatory to AGC Inc. Should AGC America have in its possession and actually produces the requested information, Respondents will withdraw the Letter Rogatory as to AGC Inc.

Accordingly, this request is in the interest of justice.

## II. DISCOVERY REQUESTED

It is respectfully requested that the Appropriate Judicial Authority of Japan compel AGC Inc. to produce documents responsive to the requests for production in **Attachment A** to this Letter Rogatory. It is additionally requested that the Appropriate Judicial Authority of Japan compel AGC Inc. to make available for examination under oath the person(s) most knowledgeable to provide testimony regarding the deposition topics set forth in **Attachment B**. The requested documents and deposition testimony will provide important evidence related to the above proceeding. The Complaint is **Attachment C1** and the Supplement to the Complaint is **Attachment C2** to this Letter Rogatory.

The Court understands the confidential nature of the documents and testimony requested from AGC Inc. There is a protective order in this case to protect the confidentiality of any documents that AGC Inc. produces and any testimony that AGC Inc. provides. The protective order is **Attachment D** to this Letter Rogatory. The Ground Rules for the ITC Investigation No. 337-TA-1433 is **Attachment E**.

Certified Japanese translation of each attachment is provided in **Exhibit 3**.

### III.  SPECIAL METHODS AND PROCEDURES REQUESTED TO BE FOLLOWED

To the extent permitted by the applicable laws of Japan, this Court respectfully requests that the Appropriate Judicial Authority of Japan require that the following methods and procedures be followed in connection with the deposition and document production requested herein.

With regard to the production of documents identified in **Attachment A**, in the event that any document called for by these requests is withheld in whole or in part on the basis of any applicable privilege, it is requested that AGC Inc. furnish a privilege log that identifies each document for which any privileges is claimed and that provides, with respect to each document, the following information:

1. The date the document was created and last modified;
2. The subject matter of the document;
3. The person(s) who prepared the document;
4. All persons to whom the document was distributed, shown, or explained;
5. The document's present custodian; and
6. The nature of the privilege asserted.

Additionally, it is respectfully requested that each document described in **Attachment A** be produced or provided for inspection and copying in its entirety, without abbreviation or redaction, as maintained in the ordinary course of business, at least ten (10) days before the deposition.

With regard to the deposition, it is respectfully requested that an appropriate judicial official of Japan direct that the witness be duly sworn in accordance with the applicable procedures of Japan, and that the testimony be taken and transcribed by a qualified court reporter and videographer chosen by Respondents' representatives. It is further requested that:

1. AGC Inc. be required to designate one or more knowledgeable officers, directors, managing agents, employees, or other person(s) to testify on behalf of AGC Inc.;

2. AGC Inc. be required to identify the person or persons who will testify pursuant to this request and the matter or matters about which each person will testify;

3. The examination be conducted orally;

4. The parties' legal representative or their designees, interpreters, and an Official Court Reporter and Videographer be permitted to be present during the examination;

5. There be excluded from the examination all persons other than those individuals permitted under bullet 4 and any official of the court of Japan or staff of the United States embassy and/or consulate required to be present during such proceedings;

6. The Official Court Reporter and Videographer be permitted to record verbatim the examination;

7. The Official Court Reporter and Videographer be permitted to record the examination by audiovisual means;

8. The attorneys from the law firms of Kirkland & Ellis LLP and Cooley LLP, acting as legal representatives of Respondents, or their designees, be permitted to conduct the examination; or, if a judicial officer is conducting the examination, the parties' legal representatives or their designees be permitted to submit questions to that officer for presentation to the witness and that the other parties to the litigation be permitted to attend the deposition and examine the witness(es) on the topics listed in Attachment B;

9. The attorneys conducting the examination be permitted to ask questions regarding the topics in **Attachment B**;

10. Ten (10) hours be allotted for the examination of each witness who requires a translator, and seven (7) hours be allotted for the examination of each English-speaking witness;

11. The witnesses be examined as soon as practicable; and

12. The documents be provided to AGC Inc. no later than ten (10) business days before the deposition at a convenient location to be determined.

Finally, it is requested that the individuals identified below be furnished as soon as practicable with a copy of the executed Letter Rogatory, and be informed as soon as practicable of the time and place for the examination of the witness:

> Paul F. Brinkman, P.C.
> Kirkland & Ellis LLP
> 1301 Pennsylvania Ave, N.W.
> Washington, D.C. 20004
> Telephone: (202) 389-5000
> Facsimile: (202) 389-5200
> E-Mail: Caihong-1433-ITC@kirkland.com

### IV.  URGENCY

A response is requested by July 7, 2025 or as soon as practicable. The reason for such urgency is that under Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, investigations in the United States International Trade Commission must be completed "at the earliest practicable time." The hearing for this investigation is set to begin on December 8, 2025. Expedient treatment of this request will allow the parties and the witness to arrange a mutually agreeable date for testimony and avoid disruption to the witness' business or personal plans.

### V.  RECIPROCITY

The United States District Court for the District of Columbia is willing to provide similar assistance to judicial authorities of Japan.

### VI.  REIMBURSEMENT FOR COSTS

To the extent that there are expenses associated with providing assistance in response to this Letter Rogatory, the fees and costs will be borne by Respondents. Requests for reimbursement may be submitted to Respondents' counsel via email to: Caihong-1433-ITC@kirkland.com or via U.S. mail to:

Paul F. Brinkman, P.C.
Kirkland & Ellis LLP
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

| Date of Request:<br><br>__24__ of __July_____, 2025 | Signature and Seal of Requesting Authority:<br><br><br><br><br>The Honorable __Ana C. Reyes_____<br>United States District Court Judge<br>U.S. District Court for the District of Columbia<br>333 Constitution Ave., N.W.<br>Washington, D.C. 20001<br>United States of America |
|---|---|